IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| BEVERLY J. FALKNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 13-2724-JDT-cgc |
| | ) | |
| COMPUTERSHARE INVESTOR | ) | |
| SERVICES and its Owners, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION, DISMISSING CASE,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Plaintiff Beverly J. Falkner, a resident of Memphis, Tennessee, filed a *pro se* civil complaint on September 16, 2013, accompanied by a motion for leave to proceed *in forma pauperis* and a motion for appointment of counsel. (ECF Nos. 1, 2 & 3.) United States Magistrate Judge Charmiane G. Claxton subsequently granted leave to proceed *in forma pauperis* and denied appointment of counsel. (ECF Nos. 4 & 5.) On February 11, 2015, the Magistrate Judge issued a Report and Recommendation ("R&R") in which she recommended the case be dismissed *sua sponte*. (ECF No. 25.) Objections to the R&R were due within 14 days, on or before March 2, 2015. *See* Fed. R. Civ. P. 72(b)(2), *see also* Fed. R. Civ. P. 6(1)(a), (d). However, Plaintiff has filed no objections.

The complaint states, in its entirety:

Attached is correspondence received from Computershare after communication on the telephone regarding loss of Certificate and value of Shares for Back Yard Burgers. I was told on the telephone that the Shares had been sold and $2918.50

> (two thousand nine hundred eighteen dollars and fifty cents) was all I would receive as payment. I have not taken any further action. There are other shares on my certificate.
> Plaintiff prays for payment of compensatory damages determined by the Court.

(ECF No. 1 at 1.) Various exhibits are attached to the complaint, but their significance is not self-explanatory. (*Id.* at 2-8.) Magistrate Judge Claxton noted that the complaint sets forth no basis for this Court's jurisdiction and no statement of claim showing that Plaintiff is entitled to relief. Therefore, she recommended the complaint be dismissed because it fails to meet the minimal requirements of Federal Rule of Civil Procedure 8(a).

The Court agrees with the Magistrate Judge's recommendation. Accordingly, the R&R is ADOPTED, and this case is hereby DISMISSED for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, she may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a court to determine that

a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff would not be taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, she must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                            s/ **James D. Todd**
                                            JAMES D. TODD
                                            UNITED STATES DISTRICT JUDGE